O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **RAY CHARLES FLOYD,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-05-96** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM & ORDER**

In this habeas corpus action, Texas prisoner Ray Charles Floyd ("Floyd") challenges the result of a prison disciplinary proceeding. Pending before the Court is Respondent Douglas Dretke's Motion for Summary Judgment (Dkt. #17). Also Pending before the Court are Floyd's Motion for Leave to Add Additional Claims (Dkt. #25) and Cross Motion for Summary Judgment (Dkt. #26). The Court disposes of the motions as outlined below.

**Factual and Procedural Background**

At the time of the challenged proceeding, Floyd was an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") serving a thirty-five year sentence upon pleading guilty to burglary of a building. *The State of Texas v. Ray Charles Floyd*, No. 1253 (56th Judicial Dist. Ct., Galveston County, Tex., Jan. 29, 1992). On April 19, 2005, Floyd was found guilty of use or possession of tobacco products, in violation of TDCJ-CID rules. Disciplinary Case # 20050217848. As a result, the hearing officer, Captain Kitchens, assessed the following punishments: (1) 30 days loss of recreation and commissary privileges; (2) a verbal reprimand; (3) reduction in line class status from S-3 to L-1; and (4) 180 days loss of good time

credit.  Floyd appealed the decision by submitting a step one grievance on May 2, 2005, which was

later denied on May 31, 2005.  Floyd submitted a step two grievance on June 13, 2005, which was

denied on July 11, 2005.  Floyd then filed the instant petition for habeas relief.

### Claims and Allegations

Floyd claims he is entitled to habeas relief based upon two grounds: (1) the evidence was

insufficient to support a guilty finding; (2) his due process rights were violated because he was

allegedly punished twice for the same offense when funds were forfeited from his trust account as

a result of an ex parte proceeding that took place after his disciplinary proceeding.

### Standards

A.      **Summary Judgment**

A summary judgment shall be issued if the pleadings and evidence "show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering

a motion for summary judgment, the court construes factual controversies in the light most favorable

to the non-movant, but only if both parties have introduced evidence showing that an actual

controversy exists.  *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th

Cir. 1998).[1]  The burden is on the movant to convince the court that no genuine issue of material fact

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *See id.*

exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

**B.      28 U.S.C. § 2254**

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts.  *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998).  However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts will not review prison disciplinary claims.  *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986).  The Court will consider whether Floyd's constitutional rights were violated by the punishments imposed as a result of the disciplinary proceeding brought against him.  28 U.S.C. § 2254(a).

**Analysis**

**I.      Floyd's Motion For Leave to Add Additional Claims**

Floyd moves the Court to add two additional claims. These two claims appear to be the same

claims that he initially raised in his original petition. The Court grants Floyd's motion for leave to

add the additional claims.

**II.      Summary Judgment Analysis**

In order to obtain habeas relief, a prisoner must establish a violation of a constitutional right.

*Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

**A.      Loss of Privileges and Verbal Reprimand**

Floyd may not seek relief in this proceeding to the extent that he challenges the validity of

the loss of privileges which affected the conditions of his confinement without affecting the length

of his sentence. "[T]he Due Process Clause does not protect every change in the conditions of

confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472,

477, 115 S. Ct. 2293, 2297 (1995). Floyd's claims concerning 30 days loss of recreation and

commissary privileges are not actionable in federal court because he is a prisoner with limited rights

and expectations. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Moreover, habeas actions

are limited to challenges to the validity of the fact of confinement or those actions that actually affect

the length of a prisoner's incarceration. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (citing

*Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S. Ct. 1827, 1841 (1973)). Floyd has not alleged that

a favorable determination would automatically entitle him to accelerated release. *See Carson v.*

*Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

To the extent Floyd challenges his verbal reprimand, that challenge is frivolous. A verbal

reprimand does not constitute a punishment that poses an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300.

Similarly, Floyd's challenge to his demotion in classification is legally baseless. *See Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Although the demotion may have affected Floyd's ability to accrue good time credits, it is not actionable because there is no certainty that the length of his confinement was changed. *Sandin*, 115 S. Ct. at 2302. *See also Malchi*, 211 F.3d at 957 (effect on prisoner's good time earning status upon timing of release was too speculative to afford constitutionally cognizable right).

### B.    Loss of Good Time Credits

As the Respondent concedes that Floyd was eligible for mandatory supervision,[2] Floyd may seek relief but only with regard to the good time credits which were actually forfeited as a result of the disciplinary proceeding. *See Malchi*, 211 F.3d at 957. Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." *Houser v. Dretke,* 395 F.3d 560, 562 (citing *Wolff*, 563-68, 94 S. Ct. at 2978- 80). However, due process does require, at a minimum, that there be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Correctional*

---

[2] Dkt. # 17, Respondent's Mot. for Summ. J., pg. 7.

*Inst., Walpole v. Hill*,  472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985).

The record shows that Floyd was given written notice of the disciplinary hearing on April 18, 2005, at 12:30 p.m.[3] Though the hearing was held on April 19, 2005, less than twenty-four hours later, Floyd waived his right to 24 hour notice and authorized the hearing officer to proceed with the hearing.[4]  Floyd attended the hearing where he was assisted by a counsel substitute as per his request.[5] He was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action taken.[6] Additionally, the record indicates that Floyd was given an opportunity to call and question witnesses and present documentary evidence.[7] Nor is there is any evidence that any witnesses were arbitrarily excluded during the proceedings. *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979). The record demonstrates that due process was observed during the hearing as required by *Wolff*.

Floyd argues that there was insufficient evidence to prove that he had custody or control of any tobacco.  Specifically, he argues that the evidence was insufficient to support the inference that the tobacco found by the charging officer belonged to him.

Citing *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), Floyd argues that "mere access to contraband without more is insufficient to constitute "some evidence."  Despite Floyd's efforts, *Broussard* is distinguishable.  In that case, the petitioner and a fellow inmate had been found

---

[3]  *See Id.* at 10; *see also* attached Disciplinary Hearing Records ("DHR"), pg. 1.

[4]  DHR at 1.

[5]  *Id.* at 9, 11.

[6] *Id.* at 1.

[7] *Id.* at 9, 11.

guilty of possessing contraband, namely bolt cutters, to facilitate their escape.  253 F.3d at 875.  The

facts underlying the finding of guilt were that a confidential informant had advised the warden of

the unit in which the petitioner was incarcerated that the petitioner and another inmate were planning

to escape.  The informant reported to the warden that the two offenders had hidden bolt cutters in

the kitchen area where both men were working.  *Id.*  The warden ordered a Captain Hammers to

investigate the tip and his investigation confirmed the location of the bolt cutters.  *Id.*  The main

source of evidence offered at the hearing was the testimony of Captain Hammers.  *Id.*  Hammers did

not know the identity of the confidential informant and the inmates were not permitted to question

Hammers as to the reliability of the informant.  *Id.*

The petitioner filed a lawsuit under 28 U.S.C. § 1983 alleging that his due process rights had

been violated during his disciplinary hearing.  *Id.*  The district Court converted the petitioner's

lawsuit into a petition for writ of habeas corpus.  *Id.*  The Fifth Circuit held that the disciplinary

board violated the petitioner's due process rights by considering the confidential informant's tip as

probative evidence because there was no evidence presented to the disciplinary board that the

testifying officer had any knowledge of identity of the confidential informant or his reliability.  *Id.*

at 877.  The Fifth Circuit then determined that, *disregarding the informant's tip*, the only evidence

linking the petitioner to the bolt cutters is the fact that they were found in the area in which he

worked.  *Id.*  The Fifth Circuit noted that approximately one hundred other inmates had access to

the kitchen and held that the fact that the contraband was found in the kitchen was insufficient to

establish the "some evidence" standard of *Superintendent, Mass. Correctional Institut., Walpole v.

Hill*,  472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985).

Unlike in *Broussard*, this case does not involve mere access to contraband.  There was more

7

than ample admissible evidence to support the finding that the tobacco belonged to Floyd and to

uphold the Captain Kitchens' finding of guilt. Captain Kitchens based his decision on the charging

officer's report and testimony.[8] The charging officer, Montemayor reported that as he was walking

by the conference room he saw a white shirt in the room and noticed that the lights were off.[9] When

he opened the door of the conference room and turned on the light he saw Floyd and another

offender.[10] He noted that both offenders appeared nervous.[11] Montemayor reported that after

searching the two inmates and excusing them, he walked to the area where Floyd was standing when

he first entered the room.[12] In the location where Floyd was standing he saw a black bag in a trash

can next to a desk and inside the bag he found twelve packs of tobacco.[13]

Floyd stated in his grievance, in an effort to contradict Montemayor's testimony, that he was

"actually 75 to 80 feet away from the Conference room where the tobacco was found."[14] Floyd

made a similar argument during his disciplinary hearing.[15] Evidently, the hearing officer did not find

Floyd's version of the facts to be credible. District Courts are not required to make an independent

assessment of witness credibility or weigh the evidence. *Hudson v. Johnson*, 242 F.3d 534, 538 (5th

---

[8] *Id.* at 1.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *See* attached Disciplinary Grievance Records ("DGR"), pg. 1.

[15] *See* Disciplinary Hearing Tape.

Cir. 2001) (citing *Hill*, 472 U.S. at 455-56, 105 S. Ct. at 2774).  Prison disciplinary proceedings are

overturned only where no evidence in the record supports the decision.  *Broussard v. Johnson*, 253

F.3d at 877 (citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981)).  Captain Kitchens reliance

on the charging officer's report alone would have been sufficient to support his decision.  *Hill*,  472

U.S. at 455, 105 S. Ct. at 2774; *Hudson*, 242 F.3d at 536; *Earnest v. Courtney*, 64 F.3d 365, 367 (8th

Cir. 1995).  The Supreme Court has held that "due process in this context requires only that there

be some evidence to support the findings made in the disciplinary hearing."  *Hill,* 472 U.S. at 457,

105 S. Ct. at 2775.  In light of the facts, the hearing officer's rulings will not be disturbed.  *Banuelos*

*v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Floyd's unfounded challenges to the results of his

disciplinary proceeding shall be **DISMISSED**.

**C.     Double Jeopardy and Forfeiture of Funds**

In addition to his claims addressed above, Floyd also argues that his due process rights were

violated because he was allegedly punished twice for the same offense when funds were forfeited

from his trust account as a result of an ex parte proceeding that took place after his disciplinary

proceeding.  In the Fifth Circuit, "[a]bsent evidence in the record, a court cannot consider a habeas

petitioners bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable

by anything else contained in the record, to be of probative evidentiary value."  *Ross v. Estelle*, 694

F.2d 1008, 1011 (5th Cir. 1983).  Floyd fails to offer any evidence in support of his  allegation that

he was punished twice for the same offense.  He fails to offer any evidence to link the trust fund

forfeiture to the punishment imposed on him pursuant to disciplinary case number 20050217848.

It appears that Floyd's challenge may be more appropriately addressed to the result of

disciplinary case number 20050241262, which took place shortly after disciplinary case number

20050217848.  In fact, in his cross motion for summary judgment he includes an entire section complaining about the results of that disciplinary case.  Floyd, however, has not filed a habeas petition formally addressing case number 20050241262.  Therefore, the Court will not decide the merits of his arguments regarding that proceeding.

Floyd's double jeopardy claim is also without merit.  Prison disciplinary hearings are not a part of a criminal prosecution and therefore do not implicate double jeopardy concerns.  *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974); *see also Breed v. Jones*, 421 U.S. 519, 528, 95 S. Ct. 1779 (application of the double jeopardy clause is limited to proceedings which are "essentially criminal").

Moreover, the forfeiture of money from a trust fund account does not state a basis for habeas relief under 28 U.S.C. § 2254.  Habeas challenges are limited to challenges to the validity of the fact of confinement or those actions that actually affect the length of a prisoner's incarceration.  *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S. Ct. 1827, 1841 (1973)).  Floyd's claim regarding the forfeiture of money does not challenge either.  Therefore, he is not entitled to relief under § 2254.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Floyd needs to obtain a certificate of appealability before he can appeal this Memorandum & Order dismissing his petition.  A certificate of appealability may be issued only if Floyd makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276  (5th Cir. 2002).  To make such a showing, Floyd must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement

to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004).  For the reasons stated in this Order, Floyd has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); 395 F.3d at 561.  The Court **DENIES** the issuance of a certificate of appealability in this action.

**Conclusion**

The Court **ORDERS** the following:

1.       Respondent's Motion for Summary Judgment (Dkt. #17) is **GRANTED**.

2.        Floyd's Motion for Leave to Add Additional Claims (Dkt. #25) is **GRANTED**.

3.       Floyd's Cross Motion for Summary Judgment (Dkt. #26) is **DENIED**.

4.       This action is **DISMISSED**, with prejudice.

6.       A certificate of appealability is **DENIED**.

**SIGNED** on this 24th day of July, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE